**UNITED STATES of America,**
**Plaintiff,**

**v.**

**PHILIP MORRIS INCORPORATED,**
**et al., Defendants.**

**No. CIV.A.99–2496 GK.**

United States District Court,
District of Columbia.

May 23, 2003.

Robert D. McCallum, Jr., Sharon Y. Eubanks, Stephen D. Brady, Frank J. Marine, Gregory C.J. Lisa, U.S. Dept. of Justice, Washington, DC, for U.S.

David S. Eggert, Jonathan L. Stern, Arnold & Porter, Washington, DC, Timothy M. Broas, Dan K. Webb, pro hac vice, Thomas J. Frederick, Winston & Strawn, Chicago, IL, for Philip Morris USA, Inc., Altria Group, Inc.

Robert Francis McDermott, Jr., Jonathan M. Redgrave, Robert H. Klonoff, Michael A. Carvin, Michael S. Fried, Todd R. Geremia, Jones Day, Washington, DC, Robert C. Weber, pro hac vice, Paul Crist, Jones, Day, Reavis & Pogue, Cleveland, OH, for R.J. Reynolds Tobacco Co.

David M. Bernick, Kirkland & Ellis, Chicago, IL, Kenneth N. Bass, Kirkland & Ellis, LLP, Washington, DC, Stephen R. Patton, for Brown & Williamson Tobacco Corp. (individually, and as successor in

interest to The American Tobacco Company).

Matthew David Schwartz, Edward Craig Schmidt, Thompson Coburn, LLP, Washington, DC, Michael B. Minton, J. William Newbold, Richard, Richard Paul

Cassetta, pro hac vice, Thompson Coburn, LLP, St. Louis, MO, for Lorillard Tobacco Co.

Aaron H. Marks, pro hac vice, Nancy E. Straub, pro hac vice, Leonard A. Feiwus, pro hac vice, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, for Liggett Group, Inc.

Timothy M. Hughes, pro hac vice, Garyowen P. Morrisroe, Chadbourne & PArke, New York City, for British American Tobacco (investments) Ltd.

Steven Klugman, Steven S. Michaels, pro hac vice, Debevoise & Plimpton, New York City, for Council for Tobacco Research-USA, Inc.

James Alexander Goold, Covington & Burling, Washington, DC, for Tobacco Institute, Inc.

## MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on Joint Defendants'[1] Motion for Partial Summary Judgment on Advertising, Marketing, Promotion, and Warning Claims and the United States' Cross Motion for Partial Summary Judgment on Affirmative Defenses. The Defendants[2] seek summary judgment as to the United States' advertising, marketing, promotion and warning claims on the basis that these claims are within the exclusive jurisdiction of the Federal Trade Commission ("FTC" or "the Agency"). The United States seeks summary judgment as to all of Defendants' affirmative defenses premised upon the FTC's purportedly exclusive jurisdiction.

Upon consideration of the Motions, Oppositions and the entire record herein, and for the reasons stated below, the Joint

---

1. Joint Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., and the Tobacco Institute, Inc.

2. Defendant Liggett Group, Inc. filed a Notice of Joinder in Joint Defendants' Motion on June 12, 2002.

Defendants' Motion is **denied** and the Government's Cross Motion is **granted in part** and **denied in part**.

# I. BACKGROUND

## A. Factual Allegations

Plaintiff, the United States of America ("the Government") has brought this suit against the Defendants pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[3] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and billions of dollars for what it alleges to be an unlawful conspiracy to deceive the American public.

The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public. According to the Government, the underlying strategy Defendants adopted was to deny that smoking caused disease and to consistently maintain that whether smoking caused disease was an "open question." Am. Compl. at ¶ 34. In furtherance of the strategy, Defendants allegedly issued deceptive press releases, published false and misleading articles, destroyed and concealed documents which indicated that there was in fact a correlation between smoking and disease, and aggressively targeted children as potential new smokers. Am. Compl. at ¶ 36.

The Government also alleges that over the course of the conspiracy, Defendants have made false and misleading statements concerning the addictiveness of nicotine. Defendants continually denied that nicotine is addictive, even in the face of what the Government calls overwhelming evidence to the contrary. Am. Compl. at ¶¶ 71–72. Defendants allegedly have taken actions to make cigarettes even more addictive by manipulating and increasing the potency of nicotine in their cigarettes. Am. Compl. at ¶ 77. Nevertheless, Defendants have repeatedly denied that they manipulated the level of nicotine in their products. Am. Compl. at ¶ 79.

The Government also alleges that Defendants have used deceptive marketing to exploit smokers' desire for less hazardous products and have "misled consumers by marketing products that consumers believe are less harmful, even though they are not." Am. Compl. at ¶ 83. For example, according to the Government, Defendants have marketed "light" or "low tar/low nicotine" cigarettes as being less hazardous to smokers even though there is no basis for believing they are safer than other cigarettes. Am. Compl. at ¶ 86.

---

**3.** The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.,* 865 F.2d 320, 325 (D.C.Cir.1989). In the pending Motions, we are concerned with issues of law, rather than factual disputes.

## III. ANALYSIS

### A. Overlapping Federal Statutes Must Each Be Given Effect Unless They Conflict

■ When two federal statutes overlap, courts *must* give effect to both, if at all possible. *United States v. Borden Co.,* 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939). Only if there is a "positive repugnancy" between overlapping statutes may a court regard one of them as impliedly repealed by the other. *Id.* Even then, the repeal of one federal statute by another conflicting one is effected only "to the extent of the repugnancy." *Id.* at 199, 60 S.Ct. 182. Mere overlap between or among federal statutes is not enough to show that one of them is meant to be exclusive over a given subject matter; one of the statutes "may be merely affirmative, or cumulative, or auxiliary." *Id.* at 198, 60 S.Ct. 182.

The Supreme Court recently reaffirmed this longstanding principle of statutory interpretation, stating:

> [W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.

*FCC v. NextWave Personal Communications, Inc.,* 537 U.S. 293, ——, 123 S.Ct. 832, 840, 154 L.Ed.2d 863 (2003)(internal quotation omitted). Each federal statute must be regarded as effective in the absence of "inherent conflict." *Id.*

■ In their Motion Defendants argue that they are entitled to summary judgment on the Government's advertising, marketing, promotion and warning claims because they fall within the exclusive jurisdiction of the FTC. According to the Defendants, the FTC administers a regulatory regime that would be effectively repealed by the challenged RICO claims. Joint Defendants' Mem. at 22. This regime consists primarily of the Federal Trade Commission Act ("FTCA" or "FTC Act") and the Federal Cigarette Labeling and Advertising Act ("FCLAA" or "Labeling Act"), 15 U.S.C. §§ 1331–40.

The Defendants misperceive the thrust of the Government's case. It is true that conduct relating to advertising, marketing, promotion and product warning labels can fall within the reach of a number of overlapping statutes, including the FTCA, and the Labeling Act, as well as RICO. However, in this case, the Government's Amended Complaint charges only RICO violations; it does not allege violation of any other statutes. Because the FTC has no authority to enforce RICO, the logical consequence of the Defendants' position would be that, at least in this instance, the RICO statute would be nullified. Under *Borden* and *NextWave*, this result must be rejected unless the overlapping statutes which authorize FTC jurisdiction over the alleged conduct inherently conflict with RICO.

Defendants argue that because the FTCA and the FCLAA together address tobacco advertising, marketing, promotion and warnings with more specificity than does RICO, permitting the Government to pursue its claims pursuant to RICO will undermine the FTC's ability to administer its own statutes. However, Defendants ignore the fact that RICO is a broad statute that often overlaps with more specifically targeted laws and regulations. Nevertheless, under *Borden* and *NextWave*, the relevant issue is not whether one of two overlapping statutes is more specific than the other, but whether the statutes actually conflict[4] with one another. So long as they do not, both must be given effect.

The Seventh Circuit rejected a similar argument that conduct charged under RICO was within the exclusive jurisdiction of a federal agency in *United States v. Palumbo Brothers, Inc.*, 145 F.3d 850 (7th Cir.1998). In *Palumbo Brothers*, the United States charged the defendants under RICO; the predicate acts of mail and wire fraud advanced a scheme to defraud employees and unions of wages and benefit payments. The defendants argued that the conduct complained of was covered by a more specific legal framework, namely the National Labor Relations Act ("NLRA"). They argued that the NLRA preempted the RICO claim and that, therefore, the National Labor Relations Board had primary jurisdiction to resolve the alleged unfair labor practices.

The Seventh Circuit rejected the defendants' exclusive jurisdiction argument. Citing *Borden*, *Palumbo Brothers* stated that

> [F]undamentally each federal statute has equal effect under the law.... Congressional intent behind one federal statute should not be thwarted by the application of another federal statute if it is possible to give effect to both laws.

---

4. Defendants' reliance on *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976) (*see* Defendants' Mem. at 22) is misplaced. In that case, the Court held that a "narrowly drawn specific venue provision" of one statute "must prevail over the broader, more generally applicable venue provision" of another. 426 U.S. at 159, 96 S.Ct. 1989. In *Radzanower*, to give effect to the venue provision of the broader statute would have "nullified" the more restrictive venue provision of the more specifically drawn statute. The Court discerned no clear intention by Congress for the later, broader statute to repeal the earlier, narrower one. Therefore, the more specific venue provision controlled. *Id.* at 154, 96 S.Ct. 1989. In contrast, in this case Defendants have simply not shown that RICO will "nullify" any part of the FTC Act or the FCLAA.

145 F.3d at 862.[5]

Similarly here, the specificity of the FTC Act or the FCLAA is not by itself a reason to thwart the application of RICO. For the reasons explained below, the Defendants have not demonstrated any conflict between the Government's exercise of its authority under RICO and the FTC's authority under the FTCA or the FCLAA. Therefore, under *Borden* and *NextWave,* Defendants' Motion must be denied in order to give effect to all three of these overlapping, but not conflicting, statutes.

### B. RICO Does Not Conflict with the FTCA or the FCLAA

 The first statute which is part of the FTC's purportedly exclusive regulatory regime is the FTCA. The FTCA prohibits "[u]nfair methods of competition" and "unfair or deceptive acts or practices in or affecting commerce". 15 U.S.C. § 45(a) ("Section 5"). False or deceptive advertising falls within the proscription of Section 5. *Giant Food, Inc. v. FTC,* 322 F.2d 977, 981 (D.C.Cir.1963). The FTC Act is enforced exclusively by the FTC; there is no private right of action under the statute.

---

5. The Defendants rely on *Danielsen v. Burnside–Ott Aviation Training Ctr., Inc.,* 941 F.2d 1220 (D.C.Cir.1991). In *Danielsen,* the plaintiffs brought RICO claims; the predicate acts of "mail fraud" were violations of a statute which did not itself provide a private right of action, and the violation of which was not independently proscribed by RICO. *Danielsen* rejected the plaintiffs' attempt to use RICO to secure a private right of action. Here the Government has properly stated a RICO claim which it is specifically authorized to do under 18 U.S.C. § 1964(b) and is not attempting to use RICO to bring a suit under the FTC Act that it could not otherwise bring.

6. *See e.g., Blanton v. United States,* 213 F. 320, 325 (8th Cir.1914); *United States v. Pike,*

---

*Holloway v. Bristol–Myers Corp.,* 485 F.2d 986, 989 (D.C.Cir.1973).

 Even though the FTC has exclusive jurisdiction under the FTCA, the statute has never been interpreted to give the agency exclusive jurisdiction over advertising or marketing conduct. Nor has the FTC's authority to administer the FTC Act been an obstacle to suits premised on overlapping state statutes or on common law. *Id.* at 999. State prohibitions of unfair or deceptive trade practices are not preempted *unless* they conflict with an express FTC rule. *American Financial Services Assn. v. FTC,* 767 F.2d 957, 989–990 (D.C.Cir.1985). Indeed, the Agency has long *encouraged* use of overlapping state deceptive practices statutes because problems in the marketplace exceed the Agency's enforcement capabilities. *Kellogg Co. v. Mattox,* 763 F.Supp. 1369, 1380 (N.D.Tex.1991).

Similarly, since adoption of the FTC Act in 1914, the United States has brought numerous mail and wire fraud prosecutions [6] based upon false or deceptive advertising and marketing practices without any suggestion that they were precluded by virtue of the FTC having exclusive jurisdiction over the subject matter of advertising.[7] More specifically, many RICO cases

---

158 F.2d 46, 47 (7th Cir.1946); *United States v. Pearlstein,* 576 F.2d 531 (3d Cir.1978); *United States v. Themy,* 624 F.2d 963, 967–68 (10th Cir.1980).

7. *See also Friedlander v. United States Postal Service,* 658 F.Supp. 95 (D.D.C.1987). In that case, the plaintiffs brought an action for declaratory and injunctive relief. They argued that the United States Postal Service could not pursue mail fraud charges against them for false promotional representations pursuant to the Postal Reorganization Act because the subject matter fell within the exclusive jurisdiction of the FTC. Rejecting this argument, the court stated that "there is nothing in the Postal Reorganization Act which indicates that its provisions are in any way

have been based upon claims of false or deceptive advertising and marketing despite the fact that these cases could have also fallen within the FTC's jurisdiction. *See e.g., Sikes v. Teleline, Inc.,* 281 F.3d 1350 (11th Cir.2002); *Strain v. Nutri/System,* 1990 WL 209325 (E.D.Pa. December 12, 1990). In sum, the history of co-existence between the FTC Act and other statutes, both state and federal, directed at fraudulent and deceptive advertising, marketing and promotion demonstrates that the statute is not in conflict with the Government's RICO claims in this case.[8]

The other main statute comprising the regulatory regime relied upon by Defendants is the Labeling Act. This statute governs certain aspects of the advertising and labeling of cigarettes; its purposes are to adequately inform the public about the hazards of smoking and to protect the national economy from the burden of "diverse, nonuniform and confusing cigarette labeling and advertising regulations with respect to any relationship between smoking and health." 15 U.S.C. § 1331. The statute requires the warnings that appear on every package of cigarettes sold in the United States, 15 U.S.C. § 1333, and gives the FTC the responsibility to report to Congress annually concerning cigarette

advertising and promotion. 15 U.S.C. § 1337(b).

The Labeling Act has an express preemption provision which the Supreme Court construed in *Cipollone v. Liggett Group,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992)(plurality opinion). In that case, the plaintiff brought the following categories of claims against defendant cigarette companies: 1) failure to warn 2) breach of express warranty 3) fraudulent misrepresentation and 4) conspiracy to misrepresent or conceal material facts. *Id.* at 508, 112 S.Ct. 2608. The Supreme Court held that only the failure-to-warn claims were preempted, and then only to the extent that the plaintiff's theory required a showing that defendants "should have included additional, or more clearly stated, warnings." *Id.* at 524, 112 S.Ct. 2608.[9] Failure-to-warn claims that were unrelated to advertising or promotion, such as claims relying on testing or research practices, were not preempted, and neither were the other three categories of claims. *Id.* at 525, 530, 112 S.Ct. 2608.

The Supreme Court rejected preemption of these claims because the FCLAA by its terms preempts only those state law claims[10] that relate to the advertising or

preempted by FTC ... jurisdiction. Besides, the District of Columbia has long held that where more than one regulatory system is applicable to a certain subject matter, both systems are to be given effect and reconciled." *Id.* at 103 (citations omitted).

8. Defendants are correct that the FTC has exercised its authority under Section 5 of the FTC Act to regulate cigarette advertising. Joint Defendants' Mem. at 18–20. This does not demonstrate that the Government's pursuit of its RICO claims will conflict with, instead of supplement, the FTC's exercise of its responsibilities.

9. The Labeling Act was amended by the Public Health Cigarette Smoking Act of 1969. Prior to being amended, the Labeling Act did

not preempt *any* state law damages actions. *Id.* at 520, 112 S.Ct. 2608.

10. There is reason to think that the FCLAA does not preempt any claims based on federal statutes, such as RICO. In 1969 Congress made substantial changes to the preemption provision in the Labeling Act. When the Labeling Act was passed in 1965, this provision "prohibited state *and federal* rulemaking bodies from mandating" particular warning statements either on cigarette labels or in cigarette advertisements. 505 U.S. at 518, 112 S.Ct. 2608 (emphasis added). In 1969 the Labeling Act was amended to state that "[n]o requirements or prohibition shall be imposed *under State law* with respect to advertising or promotion of any [properly labeled] cigarettes."

promotion of cigarettes and that are predicated on duties "based on smoking and health." 15 U.S.C. § 1334. The non-preempted claims of fraudulent misrepresentation and conspiracy were instead based on a "duty not to deceive" and a "duty not to conspire to commit fraud." 505 U.S. at 529–30, 112 S.Ct. 2608. The breach of warranty claim was not even predicated on a duty imposed by law, but instead involved a duty that defendants had imposed upon themselves by making certain statements in their advertisements. *Id.*

Here, the claims that Defendants argue are in the exclusive jurisdiction of the FTC are virtually identical to the claims held not preempted in *Cipollone*. The Government's Amended Complaint, as described above, charges that the Defendants intentionally misled their consumers and the public about the hazards associated with their products, among other things. Just as in *Cipollone*, the Government's claims in this case are predicated on a duty not to deceive, a duty not to conspire to defraud and duties voluntarily undertaken by the Defendants in representations made in advertisements to consumers.

The Defendants argue that the Government's RICO claims will be disruptive to the FTC's administrative responsibilities, but fail to explain how that can be the case when the Supreme Court has already concluded in *Cipollone* that state law claims based on the same duties will not have that adverse effect. In sum, *Cipollone* involved the same "comprehensive" regulatory re-

gime at issue here and necessarily rejected the Defendants' arguments that the FTC has exclusive authority over all tobacco advertising, marketing, promotion and warning claims. For the same reasons, those arguments must be rejected here.

Significantly, Defendants cite no case holding that RICO claims have been preempted by the FTC Act or the Labeling Act, considered either separately or together.[11] At least one court has rejected similar arguments made in precisely the same context. In *Falise v. American Tobacco Company*, 94 F.Supp.2d 316 (E.D.N.Y.2000), the defendants' motion for summary judgment was denied because the RICO claims were based on allegations of false representations of material facts and concealment of material facts "making them virtually identical to the non-preempted claims in *Cipollone*." *Id.* at 357.

The impending conflict that Defendants foresee between the Government's RICO claims and the FTC's authority is wholly speculative. For example, Defendants claim that they will be "in the likely position of having to act at odds with FTC conclusions or mandates." Joint Defendants' Mem. at 33. They fear that cigarette companies will be forced to choose between disregarding RICO orders from courts or facing sanctions and fines from the Commission. This fear is unfounded given the fact that the Government is not seeking to enforce the FTC Act. Conflict between RICO orders and FTC actions

15 U.S.C. § 1334 (emphasis added). In *Cipollone*, the Supreme Court interpreted this new language to reflect Congress's deliberate choice to preempt state law only, while permitting federal regulation *Id.* at 515, 112 S.Ct. 2608.

**11.** In *Cipollone* the Supreme Court did consider the interaction of the Labeling Act with the FTCA, observing that the Labeling Act

explicitly reserves the FTC's authority over deceptive advertising. The Court viewed the FTC's continued, overlapping authority as an argument *against* preemption. *Id.* at 529, 112 S.Ct. 2608. "Congress offered no sign that it wished to insulate cigarette manufacturers from longstanding rules governing fraud." *Id.*

hardly seems inevitable. In any event, the concern is premature, at best.

Defendants advance the related claim that "the Court is literally being asked to impose liability for the companies' adherence to FTC mandates" regarding the disclosure of tar and nicotine yields. Joint Defendants Mem. at 34. In fact, what the Government claims is that the Defendants knowingly misled consumers with advertisements that suggested, for example, that "light" cigarettes were less hazardous. The specific advertisements which the Government claims were intentionally misleading, and which are the subject of these Motions, were certainly not mandated by the FTC.

## IV. CONCLUSION

When federal statutes overlap, they must each be given effect in the absence of "inherent conflict." *NextWave*, 537 U.S. at ——, 123 S.Ct. at 840. Therefore, even though the conduct alleged in the Government's advertising, marketing, promotion and warning claims, may happen to fall within the reach of statutes administered by the FTC, such overlap is not sufficient to make that agency's jurisdiction exclusive. For all the reasons discussed above, the Court concludes that there is no inherent conflict or positive repugnancy between RICO and the FTCA or the FCLAA and that the FTC is therefore not vested with exclusive jurisdiction over the Government's advertising, marketing, promotion and warning claims. Consequently the Defendant's Motion for Partial Summary Judgment must be **denied**.

1. Joint Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco

The Government's Cross Motion seeks summary judgment as to those affirmative defenses premised upon the FTC's purportedly exclusive authority. For the same reasons just articulated, this motion will be **granted in part**. To the extent that some of the affirmative defenses the Government seek to have dismissed appear to encompass independent defenses, the motion is **denied in part**.

An **Order** will accompany this opinion.

### ORDER # 356

This matter is now before the Court on Joint Defendants'[1] Motion for Partial Summary Judgment on Advertising, Marketing, Promotion, and Warning Claims and the United States' Cross Motion for Partial Summary Judgement on Affirmative Defenses.[2] Upon consideration of the Motions, Opposition and the entire record herein, it is this 23rd day of May, 2003

**ORDERED** that the Joint Defendants' Motion for Partial Summary Judgment on Advertising, Marketing, Promotion and Warning Claims is **denied**; it is further

**ORDERED** that the Government's Cross Motion for Partial Summary Judgment on Affirmative Defenses is **granted in part** and **denied in part**; and it is further

**ORDERED** that the following Affirmative Defenses are **DISMISSED**:

*Philip Morris, USA, Inc:* Affirmative Defenses: 6, 23, 24;

*Altria Group, Inc.:* Affirmative Defenses: 7, 24, 25;

(Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., and the Tobacco Institute, Inc.

2. Defendant Liggett Group, Inc. filed a Notice of Joinder in Joint Defendants' Motion on June 12, 2002.

*R.J. Reynolds Tobacco Co.:* Affirmative Defenses: 6, 37, 38;

*Brown & Williamson Tobacco Co.:* Affirmative Defenses 6, 20, 22;

*British American Tobacco (Investments) Limited:* Affirmative Defenses 10, 12, 22;

*Lorillard Tobacco Company:* Affirmative Defenses 12, 24, 25;

*The Liggett Group, Inc.:* Affirmative Defenses 3, 44, 54;

*Council for Tobacco Research—USA:* Affirmative Defense 8;

*The Tobacco Institute:* Affirmative Defenses 25, 37.